IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **GLORIA ESTAFANI PERDOMO MAFA,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 12-0040 (ESH) |
| **CLEAN HOUSE, INC.,** | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Gloria Estafani Perdomo Mafa filed this action against defendant Clean House, Inc., to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and costs under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and for unpaid overtime wages and damages under the D.C. Minimum Wage Act Revision Act, D.C. Code §§ 32-1001 *et seq*. ("DCMWA"). Following the Clerk's entry of default on March 9, 2012, plaintiff filed a Motion for Default Judgment pursuant to Federal Rule of Procedure 55(b). Upon review of plaintiff's motion, the Court concluded that plaintiff was entitled to entry of a default judgment, but deferred entering judgment pending an evidentiary hearing on the issue of damages. (Order, Mar. 27, 2012 [Dkt. No. 7].) An evidentiary hearing was held on April 20, 2012, at which plaintiff testified and additional documentary evidence was presented. Defendant did not appear. After the hearing, plaintiff supplemented the record with copies of the relevant documentary evidence.

"Without defendants' participation in the case, . . . the factual record is one-sided and incomplete," but "defendants cannot escape liability merely by refusing to participate." *Pleitez*

*v. Carney*, 594 F. Supp. 2d 47, 48-49 (D.D.C. 2009).  Rather, "[w]hen a full documentary record is unavailable, a court may draw reasonable inferences from plaintiffs' recollections and whatever documentation has been presented." *Id.* at 49 (citing cases).  Based on the evidence now before the Court and the reasonable inferences the Court may draw therefrom, the amount to be awarded to plaintiff is set forth below.

Under the FLSA and the DCMWA, employees are entitled to overtime wages at the rate of one-and-a-half times their regular hourly rate for each hour worked in excess of forty per week.  29 U.S.C. §§ 206-07; D.C. Code § 32-1003(a).   Plaintiff was employed by defendant from approximately January 2010 through January 2011.  For the first six months of her employment, plaintiff worked in construction and was paid at the regular hourly rate of $12.00/hour.  During that period, she worked 52.5 hours of overtime, all paid at the rate of $12.00/hour.  (Pl.'s Supplement in Support of Default Judgment ¶ 5 & Exs. 1-2, Apr. 25, 2012 [Dkt. No. 9].)  For the second six months, plaintiff worked as a cleaner at a school, at the regular hourly rate of $9.00/hour.  During that period, plaintiff regularly worked approximately 47.5 hours per week (7.5 hours of overtime),[1] all paid at the rate of $9.00/hour.  Thus, plaintiff was entitled to overtime wages at the rate of $18.00/hour for the 52.5 hours of overtime she worked during the first six months of her employment and overtime wages at the rate of $13.50/hour for the 7.5 hours of overtime she worked per week for the second six months (26 weeks) of her employment.  As defendant paid plaintiff regular wages and not an overtime rate, defendant is liable for unpaid overtime wages in the amount of $1,192.50, $315.00 for the first six months

---

[1] Plaintiff's testimony at the evidentiary hearing established that she worked from 10 a.m. until 8 p.m. five days a week, with a half-hour break for lunch.

($6.00/hour in unpaid overtime x 52.5 hours of overtime) and $877.50 for the second six months ($4.50 per hour in unpaid overtime x 7.5 hours/week x 26 weeks). Plaintiff is also entitled to an equal amount in liquidated damages. *See* 29 U.S.C. § 216(b); D.C. Code Ann. § 32-1012(a).

Plaintiff is additionally entitled to "reasonable" attorneys' fees and costs. *See* 29 U.S.C. § 216(b); D.C. Code § 32-1012(c). Plaintiff seeks attorneys' fees in the amount of $4,449.00 and costs in the amount of $755.00. "The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). Two attorneys have represented plaintiff in this case: Gregg Cohen Greenberg and John J. McDonough, both at the Zipin Law Firm, LLC. The time sheet submitted to the Court in support of the motion for default judgment shows that prior to the evidentiary hearing Mr. McDonough had expended a total of 3.1 hours on this litigation and Mr. Greenberg a total of 9.5 hours. At the hearing, counsel represented that he (Mr. Greenberg) had expended an additional 3.5 hours in preparation for and at the hearing. Using the most recent Laffey Matrix, the "reasonable hourly rate" for Mr. McDonough is $240.00/hour and for Mr. Greenberg it is $285.00/hour, for a total of $4,449.00 in attorneys' fees. Costs include the $350.00 court filing fee, the $55.00 service of process fee, and $350.00 for a translator at the evidentiary hearing. The Court is satisfied that all attorneys' rates are at the prevailing market rate and that the hours and costs expended are reasonable, and hence will award the requested amounts of $4,449.00 in attorneys' fees plus $755.00 in reasonable costs.

Accordingly, plaintiff's motion for default judgment is granted and judgment will be

entered against defendant in the amount of $7,589.00.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: April 26, 2012